# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MONTEITH, executor of the estate of Ragnhild Anderson, | ) ) ) | |
| Plaintiff, | ) | Case No. 05 CV 4118 |
| v. | ) ) | Judge Blanche M. Manning |
| PATRICIA CARLSON, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Ragnhild Anderson's head slammed into concrete after she fell backwards on her stepdaughter's patio. The spill occurred while Anderson and her husband, John Bruno, visited Bruno's daughter, Patricia Carlson. Though no one realized it at the time, the spill left Anderson with a hematoma from which she never recovered. Her estate filed a wrongful death suit against Carlson and Bruno, alleging that Carlson failed to maintain her patio in a safe condition, and that Carlson and Bruno failed to properly care for Anderson after her fall. Carlson has filed a motion for partial dismissal arguing that, under Illinois law, she owed Anderson no duty to properly maintain her patio or to provide care. For the reasons that follow, the court denies the motion to dismiss.

## BACKGROUND

According to the complaint, Anderson traveled with her husband from Arizona to Downers Grove, Illinois to visit Bruno's daughter, Carlson, and Carlson's husband (now deceased). The four were enjoying a summer evening when Anderson fell. That night, Anderson woke up incoherent and unable to get to the bathroom. Bruno called Anderson's daughter, Mary Lou Jones, to report the fall. Jones urged Bruno to take Anderson to a doctor, but Bruno

hesitated because he believed that his Arizona HMO would not cover the cost.  Jones told Bruno to take Anderson to a doctor anyway and that she would pay.

Two days after the fall, Jones called Carlson to see if Anderson had visited a doctor.  Carlson said that she had not because, after bedrest and a cold compress, Anderson seemed much better.  Jones was not satisfied with Carlson's response and called repeatedly over the next several days asking Carlson and Bruno to take Anderson to a doctor.  The defendants acquiesced about a week after the fall.  Doctors diagnosed a hematoma and admitted Anderson in serious condition.  After she was stabilized, Jones arranged to transfer Anderson to a nursing facility near her in Texas.  Anderson's condition continued to deteriorate and she died about one-and-a-half years later in home hospice.

Following her death, Anderson's children, through executor Richard Monteith (who is Anderson's son), filed this wrongful death suit.  The complaint contains two counts.  In Count I, Monteith alleges that Carlson and her now-deceased husband failed to maintain a safe environment for guests.  In Count II, Monteith alleges that Carlson and Bruno undertook to care for Anderson, but provided negligent care.  Carlson has moved to dismiss Count II.  (Bruno also filed a motion to dismiss, but eventually withdrew it).

## ANALYSIS

In reviewing a motion to dismiss, the court accepts as true the well-pleaded facts in the complaint.  *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006).  The motion to dismiss will be granted only if the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief.  *Id.*

Carlson contends that Count II must be dismissed for what it fails to allege. Specifically, she argues that Count II fails to allege any of the types of special relationships which give rise to a duty to aid or protect. She also argues that Count II fails to allege that Carlson assumed responsibility for caring for Anderson, and therefore failed to allege that she was under a duty to provide good care.

Under Illinois law, only certain types of relationships create a duty to aid or protect. For instance, common carriers owe a duty to their passengers, and business owners owe a duty to their invitees. *Salta v. YMCA of Metropolitan Chicago Foundation*, 814 N.E.2d 610, 612 (Ill. App. Ct. 2004) ("Our common law generally imposes no duty to rescue an injured stranger . . . .") Additionally, one who undertakes to care for another, or who is required to do so by law, owes a duty to his or her charge. *See Wakulich v. Mraz*, 785 N.E.2d 843, 855-56 (Ill. 2003) ("where a defendant delays sending for aid and the other person's condition worsens, resulting in his or her death, the defendant may be liable under a wrongful death statute.")

The only care given to Anderson during the first week after her fall that is alleged in the complaint was a cold compress—at this stage who provided the compress is unknown, as is whether any other care was afforded Anderson. Although these facts may be crucial to resolving Monteith's claims, he was under no obligation to plead them. Complaints filed in federal court are governed by notice pleading, which does not require plaintiffs to plead facts. *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006) ("Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal.") All Monteith needed to do was identify the parties, state the nature of his grievance, and give the defendants enough tidbits to allow them to investigate. *Kolupa*, 438 F.3d at 714. Monteith did that much

and, as a result, the defendants know that Monteith's claims are based upon the care Anderson did not receive after her fall.

## CONCLUSION

Accordingly, Carlson's motion to dismiss [20-1] is DENIED. Carlson shall answer or otherwise respond to Count II by May 26, 2006.

ENTER:

DATE: May 15, 2006

_____
Blanche M. Manning
United States District Judge